UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK MARVIN,<br><br>                        Plaintiff,<br><br>-against-<br><br>MARY JENNINGS; THELMA LEE; NYS OFFICE OF DISABILITY ASSISTANCE,<br><br>                        Defendants. | 19-CV-11603 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action alleging violations of his constitutional rights. By order dated January 17, 2020, the Court directed Plaintiff to file an amended complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on January 31, 2020, and the Court has reviewed it. For the following reasons, this action is dismissed.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff's original complaint contains the following allegations. Plaintiff is 70 years old. After Plaintiff began receiving "approximately $1,400/month" in social security benefits, the amount of his monthly SNAP benefits, also known as food stamps, was reduced from $195 to $16. Plaintiff requested a fair hearing to challenge the reduction, and an administrative law judge with the New York State Office of Temporary and Disability Assistance (OTDA) upheld the decision after conducting a fair hearing. Plaintiff alleges that the reduction was "unlawful" and violated the SNAP program's "specific purpose of improving nutrition," and he seeks reinstatement of his benefits, and money damages. The defendants are Mary Jennings, who represented the state at the fair hearing, Thelma Lee, who presided over the fair hearing, and OTDA.

In the January 17, 2020 order to amend, the Court held that Plaintiff had failed to allege facts giving rise to a due process claim, because he utilized the postdeprivation remedy available to him, a fair hearing, and that he could file an Article 78 proceeding in state court if he wished to seek judicial review of the administrative decision.

In Plaintiff's amended complaint, he alleges that his social security benefits are "privileged and are not legal 'income,'" and that Defendants "illegally reduced his [SNAP] benefits making up their own 'law' a due process violation." According to Plaintiff, "SNAP is by law intended to be a supplemental nutritional benefit, not a replacement for SS benefit."

**DISCUSSION**

For the reasons set forth in the January 17, 2020 order to amend, the facts alleged do not suggest that Defendants denied Plaintiff due process. Plaintiff had a fair hearing, as required by state and federal law, *see* 7 U.S.C. § 2020(b); 7 C.F.R. § 273.15(c)(1), and he could have sought further review through an Article 78 proceeding in state court. *See* N.Y. C.P.L.R. §§ 7803, 7804; *Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001). This postdeprivation remedy has been deemed constitutionally adequate. *See Hart v. Westchester Cnty. Dep't of Soc. Servs.*, No. 98-CV-8034, 2003 WL 22595396, at *5 n.6 (S.D.N.Y. 2003) (federal and New York administrative review processes for public benefits recipients are modeled on the due process principles set forth in *Goldberg v. Kelly*, 397 U.S. 254, 262 & n.8 (1970)); *see also Cf. Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *2-3 (S.D.N.Y. Dec. 1, 2004) (noting that "Article 78 is routinely the venue in which adverse food stamp determinations are challenged, often successfully." (quoting *Campo v. New York City Employee's Retirement Sys.*, 843 F.2d 96, 101 (2d Cir. 1998))).

Plaintiff is incorrect that federal law prohibits OTDA from reducing his food stamp allotment because he began receiving social security benefits. The relevant statute, 7 U.S.C. § 2014(d)(12), provides that "[h]ousehold income for purposes of the food stamp program shall include all income from whatever source excluding only" those income sources enumerated in the statute. Social security benefits are not included in the exemptions set forth in § 2014(d) (12). *Cf. Vapne*, 2004 WL 2754673, at *3 (holding that increases in Plaintiff's social security insurance benefits did not fall under § 2014(d)(12)'s exemption from household income.)

Given the absence of any allegations that support a due process claim, the Court dismisses the complaint for failure to state a claim on which relief may be granted.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This order is to be mailed in chambers.

SO ORDERED.

Dated: March 25, 2020
New York, New York

_____
Louis L. Stanton
U.S.D.J.